KEB

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elmira Dzhamalova, | No.    CV-26-01828-PHX-MTL (MTM) |
| Petitioner, | |
| v. | **ORDER** |
| Unknown Party, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention. The Court will deny the Petition.

Petitioner, who was born in Uzbekistan, entered the United States on January 13, 2025, was detained by Customs and Border Patrol upon entry, and has remained in Department of Homeland Security custody since January 16, 2025. She states her request for a meaningful bond hearing was denied. Petitioner argues that her prolonged immigration detention without a bond hearing violates her Fifth Amendment due process rights. She seeks release from custody, or in the alternative, a bond redetermination hearing.

Based on Petitioner's allegations, the Court finds Petitioner received a bond hearing and bond was denied. An Immigration Judge's discretionary bond determination is typically not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to

review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

The Supreme Court has also determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings.  *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention.  And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").  And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).  Petitioner is not entitled to an additional bond hearing under constitutional authority.  The Court will dismiss the Petition without prejudice.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**.  The Clerk of Court must enter judgment accordingly and close this case.

Dated this 19th day of March, 2026.

Michael T. Liburdi
United States District Judge

- 2 -